J. HOFFMAN & Co., INC., Appellant, v. THE CITY OF NEW YORK, Respondent, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Impleaded Defendant, Appellant.— In an action by plaintiff for damages for breach of contract on the ground that the respondent had delayed plaintiff from entering upon and completing the work to be performed, judgment dismissing the complaint on the merits and awarding judgment to the respondent on its counterclaim and cross-complaint against the plaintiff and the impleaded defendant for damages for breach of contract occasioned by plaintiff's abandonment, in so far as appealed from, unanimously affirmed, with costs. Plaintiff admits that it knew, in accordance with its contract obligation requiring knowledge of other contracts awarded for the same construction and co-ordination with such other contractors, that the contractor constructing the new building had been allowed 450 days within which to complete. Plaintiff also concedes that the nature of his contract inherently required him to follow the operations of the contractor constructing the building. Plaintiff's progress was dependent upon the progress of the Edward Corning Company. Plaintiff's contract provided for a period of 450 days within which to perform, as did the contract with the Edward Corning Company, of which plaintiff was aware. It is evident, therefore, that plaintiff knew that it would be required to remain 450 days in completion of its contract. Furthermore, its contract provided that, in the event of omission or delay on the part of the city, plaintiff should not be entitled to damages occasioned by such omission or delay. Long prior to the expiration of the 450-day period, plaintiff abandoned the work. Under the circumstances, this abandonment was unjustified. Hagarty, Carswell, Johnston and Close, JJ., concur; Lazansky, P. J., concurs in the result.

JOHN HUGHES, Also Known as JOHN C. HUGHES, Respondent, v. SAMUEL K. ELLENBOGEN, as Receiver of HAROLD RUSSELL RYDER, Appellant.— Action for money had and received, based on the turning over of a sum of money by the plaintiff to one Ryder, of whom the defendant has been appointed a receiver. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

HENRY HUISENGA, Respondent, v. DAIRYMEN'S LEAGUE CO-OPERATIVE ASSO-CIATION, INC., Appellant.— In an action arising out of a contract between the parties, the complaint sets forth two causes of action. The answer, besides various denials and defenses, contains counterclaims to both causes of action. The plaintiff replied to the counterclaims and the defendant moved to strike out the reply on various grounds. The motion was denied, and the defendant appeals. Order denying defendant's motion, in so far as appealed from, modified by striking out paragraphs " Second," " Third," " Sixth," " Eighth," " Ninth " and " Twelfth " of the reply, and, as thus modified, affirmed, with ten dollars costs and disbursements to the appellant. Plaintiff having accepted the benefits of the contract, when suing thereon is estopped from questioning its validity. The sufficiency of the other defenses raised should be determined by the trial court upon the proof. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.